Saul S. Streit, J.
Defendants move to dismiss the complaint for insufficiency. It alleges that defendants, knowing that a demand note was fully paid, nevertheless intentionally and maliciously, and with the purpose to injure plaintiffs in their reputation and credit, presented the note for payment, which was refused for insufficient funds. As a result thereof and of the publication of the notice of protest, plaintiffs’ reputation and credit were injured. In addition, plaintiffs were requested to withdraw their account in the bank to which the note was presented.
Plaintiffs contend they have alleged a sufficient cause of action for interference with their business and injury to their reputation and credit. There is no sufficient allegation of causal relation between the claimed wrongful acts and the withdrawal of the account, or between those acts and any claimed injury sustained. Unless the complaint states á cause for prima facie tort, it states no cause at all. Consequently, damage must be pleaded specially, and it must consist of injury due to loss in plaintiffs ’ occupation or business. Apart from general and conclusory allegations of damage to reputation and credit which might flow from many wrongs constituting traditional torts, the pleading is devoid of any statement of other or special damage. A charge of damage to reputation and credit cannot stand alone and without the statement of a cause of action to support the recovery of damage, whether general or special. Moreover, contrary to plaintiffs ’ contention, there is language in the pleading which may be considered indicative of an attempt to assert a claim in libel. In repleading, such references should be *963 omitted or a cause in libel stated, if plaintiffs believe they possess one.
The motion is granted and the complaint is dismissed, with leave to plaintiffs to serve an amended complaint within 20 days from service of a copy of this order with notice of entry.